#12/22

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PATRICIA LADD, an individual, | Case No. 2:25-cv-02879-HDV-BFM |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]** |
| v. | |
| MERCEDES-BENZ USA, LLC, a Delaware limited liability company, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This lemon law action arises out of a series of alleged warranty nonconformities in Plaintiff Patricia Ladd's 2020 Mercedes-Benz GLA250W4 (the "Vehicle"). After the initial filing in Los Angeles Superior Court, Defendant Mercedes-Benz USA, LLC removed this action on the basis of diversity jurisdiction.

Before the Court is Plaintiff's Motion to Remand ("Motion"), which asserts that the $75,000 amount in controversy requirement has not been met. [Dkt. No. 12-1]. As discussed below, Plaintiff's argument turns a blind eye to the most salient (and uncontested) fact: the Vehicle's purchase price of $55,134.32. Considering the additional civil penalties available under the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act")—a common form of relief undisputably central to the relief sought here—the amount in controversy is well north of $150,000 even without adding attorney's fees. The Motion is denied.

## II. BACKGROUND

In March 2023, Plaintiff purchased a Certified Pro-Owned 2020 Mercedes-Benz GLA250W4 (the "Vehicle"), which is manufactured by Defendant Mercedes-Benz USA, LLC. Complaint ¶¶ 1, 5 [Dkt. No. 1-1]. The purchase price of the Vehicle was $55,134.32. Notice of Removal, Ex. B at 2 [Dkt. No. 1-2].

Plaintiff alleges the sale was accompanied by Defendant's express and implied warranties. *Id.* ¶¶ 7–8. Plaintiff also contends that, within the applicable express warranty period, the Vehicle suffered from various warranty nonconformities, including defects with the engine idling roughly and the infotainment system causing a loud humming noise. *Id.* ¶¶ 10–13. Plaintiff avers that Defendant has refused to repurchase the Vehicle and make restitution. *Id.* ¶¶ 20–21, 32–33.

Plaintiff initiated this action in Los Angeles Superior Court, asserting claims under the Song-Beverly Act. Complaint at 1. Defendant Mercedes-Benz USA, LLC filed a Notice of Removal. [Dkt. No. 1].

Plaintiff filed the instant Motion on May 23, 2025, arguing that Defendant fails to establish federal subject matter jurisdiction. Defendant opposed the Motion, accompanying its opposition with a request for judicial notice, [Dkt. Nos. 21–22], and Plaintiff filed a Reply, [Dkt. No. 23]. On

July 17, 2025, the Court heard oral argument and took the matter under submission. [Dkt. No. 24].

## III.  LEGAL STANDARD

A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441.  The party seeking removal bears the burden of establishing federal jurisdiction.  *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  The removal statute is strictly construed and there is a "strong presumption" against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

If the court lacks subject matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court.  *See* 28 U.S.C. § 1447(c).

## IV.  DISCUSSION

Defendant contends that the Court has diversity jurisdiction over this case.  Notice of Removal ¶ 4.  Such jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Plaintiff's principal argument in favor of remand is that the amount in controversy has not been met.[1]  The Court disagrees.

"Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted).  The "amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability."  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (citation omitted).  Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted).  The amount in controversy "reflects the *maximum* amount the

---

[1] Plaintiff does not contest the complete diversity of the parties.  The Court is satisfied that such diversity exists here.  Plaintiff, an individual, is a citizen of California, and Defendant, a limited liability company, is a citizen of Delaware and Michigan.

3

plaintiff could reasonably recover," and it is established by what the plaintiff demands, not by any reductions that a defendant might achieve through its defenses. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019); *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82.

Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover damages, civil penalties, and costs and expenses, including attorney's fees. Cal. Civ. Code § 1794. Here, the purchase price of the Vehicle was $55,134.32. Plaintiff argues that even this amount is speculative and not necessarily in controversy because recovery must be reduced to account for Plaintiff's use of the Vehicle prior to the first repair and is limited to the amount actually paid to the seller, which Defendant has "provided no facts indicating." Motion at 5; Reply at 2. The Court is unpersuaded. Plaintiff seeks, *inter alia*, restitution under the Song-Beverly Act. Complaint ¶ A. That Act provides that, "[i]n the case of restitution, the manufacturer shall make restitution in an amount equal to the actual price paid *or payable* by the buyer[.]" Cal. Civ. Code § 1793.2(d)(2)(B) (emphasis added). Further, "the amount to be paid . . . *may* be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity." *Id.* § 1793.2(d)(2)(C) (emphasis added). Plaintiffs' Complaint and the Song-Beverly Act make clear that the entire purchase price is demanded and "at stake" in this litigation.

Moreover, Plaintiff also seeks civil penalties, *see* Complaint ¶ D, which, under the Song-Beverly Act, can be up to "two times the amount of actual damages," Cal. Civ. Code § 1794(c). Plaintiff's potential recovery in civil penalties is thus as much as double the purchase price of the Vehicle, or $110,268.64. This sum should be considered as part of the amount in controversy—

while far from a certainty, civil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake in the litigation. Adding the potential civil penalties to the measure of actual damages yields $165,402.96, which easily exceeds the jurisdictional threshold.[2]

## V.  CONCLUSION

The requirements for diversity jurisdiction are met, and the Motion is denied.[3,4]

Dated: July 24, 2025

                                            Hernán D. Vera
                                            United States District Judge

---

[2] It is therefore not necessary to address Plaintiff's arguments regarding whether attorney's fees may properly be considered when determining the amount in controversy in Song-Beverly actions or what their amount is likely to be. *See* Motion at 6.

[3] Defendant's request for judicial notice [Dkt. No. 22] is denied as moot.

[4] The parties also raise arguments regarding whether comity weighs in favor of remand here. *See* Motion at 6–10; Opposition at 9; Reply at 3–4. It does not. The parties' cited cases are largely inapposite. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–14 (2005) (grappling with whether a state-law claim that implicates significant federal issues qualifies for federal question jurisdiction); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding that a federal court has discretion, in a case that was removed under federal question jurisdiction, to remand pendent state-law claims after all the federal-law claims have been dismissed). They do not stand for the proposition that a federal court can remand a properly-removed case over which it has diversity jurisdiction for comity reasons.

    To the contrary, federal courts have a duty to exercise their jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Cohens v. Virginia*, 5 L. Ed. 257 (1821) (federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not"). That duty is not absolute, and the abstention doctrines are narrow exceptions to this general principle. *Quackenbush*, 517 U.S. at 716–17; *see* Motion at 6. But a federal court cannot remand an action for damages based on abstention principles. *Quackenbush*, 517 U.S. at 730–31. In any case, that an action involves questions of state law is not a basis for abstention—that is always true in diversity cases. There is no contention that the state law issues raised by this action are particularly complex, administered by specialized agencies, or unsettled. *Cf. Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959). And it is not clear that "comity" is "an independent basis for abstention, available even when none of the settled comity-based abstention doctrines . . . apply." *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 932 (9th Cir. 2024). Abstention is not appropriate here.